JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Tiara Robinson

### DEFENDANTS
Cynthia Ovadya, ET AL

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert A. Dengler
1617 JFK Blvd-Suite 355
Philadelphia PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | INTELLECTUAL PROPERTY RIGHTS | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | PERSONAL PROPERTY / LABOR | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [X] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | SOCIAL SECURITY | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY / CIVIL RIGHTS / PRISONER PETITIONS | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / Habeas Corpus: | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / Other: [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C § 26-2680

Brief description of cause:
Plaintiff was stopped at a light waiting to turn, Defendant in USPS truck rear ended Plaintiff- Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 50,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 02/18/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Robert A. Dengler

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _22nd and Passyunk Avenue_

---

*RELATED CASE IF ANY:*  Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Wage and Hour Class Action/Collective Action
6. Patent
7. Copyright/Trademark
8. Employment
9. Labor-Management Relations
10. Civil Rights
11. Habeas Corpus
12. Securities Cases
13. Social Security Review Cases
14. Qui Tam Cases
15. Cases Seeking Systemic Relief  *see certification below*
16. ☒ All Other Federal Question Cases. *(Please specify):* _Tort Claims Act_

*B. Diversity Jurisdiction Cases:*

1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. Other Personal Injury *(Please specify)*:_____
7. Products Liability
8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☑ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| |
|---|
| TIARA ROBINSON <br> 6005 Elmwood Avenue <br> Philadelphia, PA 19142 <br>    v. <br> CYNTHIA OVADYA <br> 509 Doe Lane <br> Cherry Hill, NJ 08034 <br>    And <br> ISHEEN BERNARD <br> 2028 S. 27th Street <br> Philadelphia, PA 19145 <br>    And <br> UNITED STATES POSTAL SERVICE <br> 1713 S. Broad Street <br> Philadelphia, PA 19148 <br>    And <br> UNITED STATES POSTAL SERVICE <br> NATIONAL TORT CENTER <br> 1720 Market Street-Room 2400 <br> St. Louis, MO 63155 <br>    And <br> UNITED STATES OF AMERICA <br> 615 Chestnut Street-Suite 1250 <br> Philadelphia, PA 19103 |

### COMPLAINT

Plaintiff, Tiara Robinson, by and through her attorney, Robert A. Dengler, Esquire, demands judgment against Defendants, Cynthia Ovadya, Isheen Bernard, United States Postal Service, United States Postal Service Tort Center and United States of America, in support thereof, state as follows:

### AVERMENTS OF JURISDICTION

1. Plaintiff, Tiara Robinson, is an adult individual who resides at the above-captioned address.

2. Defendant, Cynthia Ovadya, is an adult individual who resides at the above-captioned address.

3. Defendant, Isheen Bernard, is an adult individual who resides at the above-captioned address.

4. Defendant, United States Postal Service (hereinafter referred to as USPS), is a Federal Authority and/or governmental entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned

5. Defendant, United States Postal Service Tort Center (hereinafter referred to as USPS Center), is a Federal Authority and/or governmental entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned

6. Defendant, United States of America (hereinafter referred to as USA), is a Federal Authority and/or governmental entity licensed and authorized to conduct and transact business within the Commonwealth of Pennsylvania, with an office for service at the above-captioned address.

7. Plaintiff, brings this civil action claim for money damages against Defendants, USPS and USA, pursuant to the Federal Tort Claims Act 28 U.S.C. §2671 for personal injuries caused by the negligent or wrongful act of omission of employees of the Government while acting within the scope of their office or employment.

8. As described his is an action arising under 28 U.S.C. §1331 entitled "Federal Question."

## GENERAL AVERMENTS

9. Plaintiff, Tiara Robinson, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 8 inclusive, as if set forth at length herein.

10. At all times material hereto, Defendant, Cynthia Ovadya did operate and/or manage and/or control defendants USPS and/or USPS Center and/or USA's vehicle which was involved in this accident.

11. At all times material hereto, Defendant, Isheen Bernard did own, operate and/or manage and/or control his 2007 Nissan Maxima, Pennsylvania Tag No. KNM-0246which was involved in this accident.

12. On or about February 27, 2023, at or near the intersection of 22nd Street and W. Passyunk Avenue, Philadelphia, Pennsylvania, defendants, Cynthia Ovadya and Isheen Bernard, collectively so carelessly and negligently operated their aforementioned vehicles so as to cause them to collide causing Plaintiff, Tiara Robinson, who was a passenger in Defendant, Isheen Bernard's vehicle, to sustain the injuries and other losses hereinafter more fully set forth.

## COUNT I
## PLAINTIFF, TIARA ROBINSON v. DEFENDANTS, USPS, USPS CENTER, USA & CYNTHIA OVADYA

13. Plaintiff, Tiara Robinson, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 12, inclusive, as if set forth at length herein.

14. The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

    (a) operating the aforementioned vehicle at an excessive rate of speed;

    (b) failing to have proper and adequate control of the aforementioned vehicles so as to avoid accidents;

(c) failing to warn of the approach of the aforementioned vehicle with due regard for the rights and safety of the Plaintiff;

(d) failing to keep a proper lookout;

(e) Traveling too closely to other vehicles;

(f) failing to stop;

(g) failing to use due care under the circumstances;

(h) Defendants USPS, USPS Center and USA, negligently consented and entrusted its vehicle to Cynthia Ovadya, who they knew or should have known would operate the vehicle in a negligent and careless manner, and had a propensity toward negligence and recklessness;

(i) Negligence per se;

(j) in being otherwise careless, reckless and negligent, the particulars of which are presently unknown to plaintiff but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

15. The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

16. As a sole and direct result of the aforesaid negligence of the Defendants, Plaintiff, Tiara Robinson, suffered severe, diverse and permanent injuries, including but not limited to: back injuries, neck injuries, cervical disc injuries necessitating injection therapy, cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, segmental/somatic dysfunction of the lumbar, lower and upper extremity musculatures, and musculoskeletal injuries, as well as

other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

17. As a further result of this accident, Plaintiff, Tiara Robinson, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

18. As a further result of this accident, Plaintiff, Tiara Robinson, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

19. As a further result of this accident, Tiara Robinson, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

20. As a direct and reasonable result of the aforementioned accident, Plaintiff, Tiara Robinson, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

21. As a further result of the aforementioned accident, Plaintiff, Tiara Robinson, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Tiara Robinson, demands judgment against the Defendants, jointly and/or severally, for compensatory damages commensurate with her losses.

## COUNT II
## PLAINTIFF, TIARA ROBINSON v. DEFENDANT, ISHEEN BERNARD

22. Plaintiff, Tiara Robinson, incorporates by reference hereto, all of the averments contained in Paragraphs 1 through 21, inclusive, as if set forth at length herein.

23. The negligence and carelessness of the Defendant, acting as aforesaid, consisted of the following:

- (a) operating the aforementioned vehicle at an excessive rate of speed;
- (b) failing to have proper and adequate control of the aforementioned vehicles so as to avoid accidents;
- (c) failing to warn of the approach of the aforementioned vehicle with due regard for the rights and safety of the Plaintiff;
- (d) failing to keep a proper lookout;
- (e) Making a sudden and/or abrupt stop;
- (f) Failing to ensure brake lights were in working order;
- (g) failing to use due care under the circumstances;
- (h) Negligence per se;
- (i) in being otherwise careless, reckless and negligent, the particulars of which are presently unknown to plaintiff but which may be learned by discovery procedures provided by the Pennsylvania Rules of Civil Procedure or which may be learned at the trial of this case.

24. The aforesaid accident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

25. As a sole and direct result of the aforesaid negligence of the Defendants, Plaintiff, Tiara Robinson, suffered severe, diverse and permanent injuries, including but not limited to: back injuries, neck injuries, cervical disc injuries necessitating injection therapy, cervical sprain and strain, thoracic sprain and strain, lumbar sprain and strain, segmental/somatic dysfunction of the lumbar, lower and upper extremity musculatures, and musculoskeletal injuries, as well as other injuries as may be diagnosed by Plaintiff's health care providers, all of which injuries have in the past, and may in the future, cause Plaintiff great pain and suffering.

26. As a further result of this accident, Plaintiff, Tiara Robinson, has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses, and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

27. As a further result of this accident, Plaintiff, Tiara Robinson, has or may hereafter suffer a severe loss of earnings and impairment of earning power and capacity.

28. As a further result of this accident, Tiara Robinson, has suffered medically determinable physical and/or mental impairment, which prevents the Plaintiff from performing all or substantially all of the material acts and duties that constituted the Plaintiff's usual and customary activities prior to the accident.

29. As a direct and reasonable result of the aforementioned accident, Plaintiff, Tiara Robinson, has or may hereafter incur other financial expenses, which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

30. As a further result of the aforementioned accident, Plaintiff, Tiara Robinson, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

**WHEREFORE,** Plaintiff, Tiara Robinson, demands judgment against the Defendants, jointly and/or severally, for compensatory damages commensurate with her losses.

                                        **CLEARFIELD & KOFSKY**

                   **BY:** _____
                                    **ROBERT A. DENGLER, ESQUIRE**
                                    *Attorney for Plaintiff, Tiara Robinson*

## VERIFICATION

I, Tiara Robinson _____ hereby verify that I am the Plaintiff _____ in the attached Complaint _____, and that the facts set forth herein are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of the 18 PA C.S. §4904, relating to unsworn falsification to authorities.

NAME _Tiara Robinson_

ADDRESS _____

DATE _____